■ VAUGHN CHRISTMAN et al., Respondents, v H. BARRETT FILER et al., Doing Business as OSWEGO CUSTOM HOMES and Another, Appellants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendants moved under CPLR 3211 and 3212 to dismiss several causes of action alleged in the complaint and the court denied the motion in its entirety.

The fourth cause of action should be dismissed. It alleges breach of a warranty of fitness for a particular purpose. The undisputed facts, however, show that the contract of sale excluded all implied warranties and that the mobile home was to be purchased "as is".

The seventh cause of action alleges: "That the Defendants willfully, wrongfully, and intentionally defrauded the Plaintiffs herein causing severe and emotional distress and as a result thereof, the Plaintiffs demand One hundred thousand dollars ($100,000) punitive damages." The fraud alleged in other parts of the complaint is that defendants falsely stated that the insurance company refused to permit transportation of the mobile home being purchased by plaintiffs unless it received an additional $1,980, thus inducing plaintiffs to pay

an additional $1,980 for the purchase of the mobile home. The complaint further alleges that defendants intentionally, fraudulently, and wrongfully removed from the mobile home fixtures which belonged to plaintiffs. Further, that defendants falsely told plaintiffs that the mobile home was new, although it had previously been lived in. These allegations of fraud are not sufficient to sustain a cause of action for intentional infliction of emotional distress.

The tort of intentional infliction of emotional distress predicates liability on the basis of extreme and outrageous conduct which so transcends the boundary of decency as to be regarded as atrocious and intolerable in a civilized society *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143-144). The alleged acts of fraud do not meet that test. (Appeal from order of Supreme Court, Oswego County, Donovan, J.—partial summary judgment.) Present—Dillon, P. J., Boomer, Lawton and Lowery, JJ.